**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| HELDER DARIE SALINAS LAGOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02343-TLP-atc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, Field Office | ) | |
| Director of Immigration and Customs | ) | |
| Enforcement, New Orleans Field Office, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pro se Petitioner Helder Darie Salinas Lagos, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee, petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 2.)  The Court ordered Respondent to show cause why the Writ should not be granted.  (ECF No. 8.)  Respondent responded.  (ECF No. 10.)  Petitioner replied. (ECF No. 11.)  And for the reasons below, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner, a Honduran citizen, entered the United States in September 2023 at Roma, Texas.  (ECF No. 10 at PageID 51.)  He has been living in the United States with his wife and four sons and has no criminal history.  (ECF No. 2 at PageID 3–4.)  The Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") on September 25, 2023.  (ECF No. 10 at PageID 51.)  The NTA charged Petitioner with being an alien "present in the United States who has not been admitted or paroled, or who has arrived in the United States at any time other than as designated by the Attorney General" under the Immigration and

1

Nationality Act ("INA") § 212(a)(6)(A)(i). (ECF No. 10-1 at PageID 61.) Petitioner has remained out of custody in the United States until now. DHS arrested Petitioner for "multiple [alleged] violations of compliance from the [Alternative to Detention] programs" at a scheduled office check-in on December 10, 2025. (ECF No. 10 at PageID 51.)

Petitioner alleges that DHS and the Executive Office of Immigration Review ("EOIR") have not provided him a bond hearing. (*See generally* ECF No. 2.) Instead, DHS and EOIR determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a change from the decades-long practice of affording noncitizens in Petitioner's position with bond hearings before their removal proceedings. (*See id.*) Petitioner alleges that his detention under § 1225(b) violates the Immigration and Nationality Act ("INA") and his Fifth Amendment rights to due process. (*Id.* at PageID 5–6.) He asks the Court to grant the Petition and order his immediate release. (*Id.* at PageID 6–7.)

## ANALYSIS

On May 11, 2026, a divided Sixth Circuit panel issued its decision in *Lopez-Campos v. Raycraft*, -- F.4th --, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. *Lopez-Campos*, 2026 WL 1283891, at *13. The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion. *Id.* at *6. "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process." *Id.* at *13.

The Court finds that *Lopez-Campos* controls here and **GRANTS** the Petition. Petitioner's detention not only violated procedural due process but deprived him of liberty since December 2025.  He is therefore entitled to immediate release.  *See, e.g.*, *Villafranca Lara v. Ladwig*, No. 26-2079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

## CONCLUSION

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent to release Petitioner immediately.

**SO ORDERED**, this 26th day of May, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

3